United States District Court
Southern District of Texas
**ENTERED**
September 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MATTHEW KELLY AND BARBARA KELLY, § § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-CV-215 |
| § | |
| STATE FARM LLOYDS, § | |
| Defendant. § | |

## ORDER AND OPINION

The Court now considers the motion for partial summary judgment[1] filed by State Farm Lloyds ("Defendant"). After duly considering the record and relevant authorities, the Court **GRANTS** the motion for partial summary judgment.

### I. BACKGROUND

This case arises from an insurance dispute. Plaintiffs allege that their home in McAllen, Texas, was damaged by Hurricane Hanna on or about July 25, 2020.[2] Plaintiffs filed an insurance claim on September 1, 2020,[3] and Defendant sent an adjuster to inspect the property on September 23, 2020.[4] Defendant estimated damage at $12,461.30 replacement cost value and, after deducting $762.16 in depreciation and the policy's $7,790.00 deductible, issued payment of $3,756.72 to Plaintiffs on or about October 10, 2020.[5] Disagreeing with the findings of the adjuster regarding the extent of the damage to the property, Plaintiffs sent Defendant a letter on January 19, 2021,

---

[1] Dkt. No. 21.
[2] Dkt. No. 1-3 at 2, ¶ 5.
[3] Dkt. No. 21, Exhibit 2-B.
[4] Dkt. No. 21, Exhibit 2-A.
[5] Dkt. No. 21, Exhibit 2-D.

informing that they were represented by counsel and demanding payment of an estimate from McAllen Valley Roofing Co. totaling $126,789.92.[6] Defendant conducted a second inspection roughly verifying the previous estimate and sent Plaintiffs the additional, nominal amount.[7] Plaintiffs then filed suit in state court on May 17, 2021, alleging breach of contract and violations of the Texas Insurance Code Sections 541 (bad faith and unfair settlement practices) and 542 (bad faith and prompt payment of claims).[8] Defendant removed to this Court on June 14, 2021.[9]

Since the suit came before this Court, the parties have both engaged experts who support their own assessment of the damage. Plaintiffs' experts now quote the damage at $145,104.16,[10] and Defendant's experts found only damage that had already been identified by adjusters and compensated by Defendant.[11]

On July 12, 2022, Defendant filed the instant Motion for Summary Judgment on Plaintiffs' Extra-Contractual Claims.[12]

## I.   SUMMARY JUDGMENT LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[14] The burden then shifts to the non-movant to demonstrate the existence of a genuine issue of

---

[6] Dkt. No. 21, Exhibit 2-E.
[7] Dkt. No. 21, Exhibit 2-G.
[8] Dkt. No. 1-3.
[9] Dkt. No. 1.
[10] Dkt. No. 21, Exhibit 4-B.
[11] Dkt. No. 21, Exhibit 4-C.
[12] Dkt. No. 21.
[13] Fed. R. Civ. P. 56(a).
[14] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

material fact.[15] "A fact is 'material' if its resolution could affect the outcome of the action,"[16] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[17] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[18]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[19] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[20] Parties may cite to any part of the record, or bring evidence in the motion and response.[21] By either method, parties need not proffer evidence in a form admissible at trial,[22] but must proffer evidence substantively admissible at trial.[23]

## II. ANALYSIS

Defendant's motion for partial summary judgment seeks dismissal of all extra-contractual claims.[24] The motion correctly points out that all of Plaintiff's noncontractual claims—unfair settlement practices, delay in payment, failing to reasonably investigate—hinge on Defendant's bad faith.[25] Defendant argues that this case boils down to a *bona fide* coverage dispute, not a bad faith denial of coverage.[26] It offers evidence of its own good faith and points to Plaintiffs' lack of

---

[15] *See id.*
[16] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[17] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[19] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[20] *See* Fed. R. Civ. P. 56(e).
[21] *See* Fed. R. Civ. P. 56(c).
[22] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[23] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[24] Dkt. No. 21.
[25] *Id.* at 8, ¶ 20 (citing TEX. INS. CODE § 542.060).
[26] Dkt. No. 21 at 11-12, ¶¶ 27-30 (citing Dkt. No. 21, Exhibit 3).

evidence of Defendant's bad faith. Plaintiffs did not respond to the instant motion for summary judgement.

### a. Bad Faith and Texas Insurance Code

In Texas, the common-law bad faith standard for breach of the duty of good faith and fair dealing is imputed to statutory liability under the Texas Insurance Code such that either claim can be disposed of if there is insufficient evidence of bad faith.[27] Under Texas Law, "[t]he general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy."[28] An "insured plaintiff bringing such a claim 'must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy, and (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.'"[29] Here, Plaintiffs' statutory claims are only viable if they can show that Defendant's liability had become reasonably clear, that Defendant had no reasonable basis for denying Plaintiffs' demanded amount, or that Defendant's adjusters conducted willfully blind or fraudulent investigations.

In their original petition, Plaintiffs' bad faith claim merely states: "Defendant failed to pay the claim in accordance with its contractual obligation and failed to conduct a reasonable investigation of the claim and to determine a full scope of damage at the insured premises."[30] Defendant's summary judgment evidence, including Plaintiffs' responses to Defendant's

---

[27] *See Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied); *Texas Mut. Ins. Co. v. Sara Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, review denied) (citing *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922-23 (Tex. 2005) (per curiam)).
[28] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018).
[29] *Howley v. Bankers Standard Ins. Co.*, No. 20-10940, 2022 U.S. App. LEXIS 5137, at *6 (5th Cir. 2022) (citing *Nat'l Union Fire Ins. Co. v. Dominguez*, 873 S.W.2d 373, 376 (Tex. 1994)).
[30] Dkt. No. 1-3 at 3, ¶ 7 (quoting Dkt. 21, Exhibit 2-E) (internal quotations omitted).

interrogatories[31] and deposition questions,[32] indicate that there is no evidence or factually based allegation of bad faith, only a *bona fide* coverage dispute. Plaintiffs did not respond to the instant motion for summary judgment. After considering this evidence and lack thereof, the Court finds that Plaintiffs have failed to raise a genuine issue of material fact as to bad faith, so summary judgment is appropriate as to the extra-contractual claims.

    b. *Punitive and Treble Damages*

In their original petition, Plaintiffs demand treble damages in addition to actual damages.[33] Since the instant motion for partial summary judgment extinguishes all extra-contractual claims against Defendant, treble damages are no longer available in this case.[34] As a result, summary judgment as to treble damages is appropriate here.

### III. HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion for partial summary judgment. Plaintiffs' extra-contractual claims are **DISMISSED WITH PREJUDICE**. Only Plaintiffs' breach of contract claim remains.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of September 2022.

                                              Micaela Alvarez
                                              United States District Judge

---

[31] Dkt. No. 21, Exhibit 4-D at 7 (in response to an interrogatory about Defendant's alleged failure to investigate, Plaintiffs merely responded that Defendant "refused to investigate the scope of the damage and/or refused to determine that the damage necessitated the replacement of the entire roof. Thus, State Farm's investigation and indemnification was inadequate and breached the insurance agreement.").

[32] Dkt. No. 21, Exhibit 3 at 5, 8 (quoting Plaintiff Matthew Kelly saying Defendant's adjuster "thoroughly inspected all the way to the apex of that cathedral roof" and "I have not seen false conduct . . . I don't think they lied to me.").

[33] Dkt. No. 1-3 at 5.

[34] Treble damages are not available for breach of contract. *State Farm Fire & Cas. Ins. Co. v. Vandiver*, 970 S.W.2d 731, 744 (Tex. App.—Waco 1998) ("[A]n insured cannot recover treble damages for a mere breach of contract.").